WILLIAM KLOCH, JOSEPH S. TAYLOR AND HENRY
  KORBER *vs.* WILHELMINA BURGER AND FIELDER
  C. SLINGLUFF, Administrators c. t. a. of LEWIS
  SENFT.

*Construction of a will—Legacy—Medicines and drugs—Whis-
key.*

S. a wholesale and retail druggist died in the City of Baltimore.
  Sometime before his death he purchased of C., a distiller, fifty
  barrels of whiskey, which were stored, and remained stored at the
  time of his death, in the distillery bonded warehouse of C., and
  upon which the government excise duty had not been paid. The
  deceased left a will which contained the following clause:—"I give
  and bequeath my stock of medicines, drugs, paints, and furniture
  belonging to, or contained in my store, No. 22 N. Howard street,
  at the time of my death, to my three clerks in my present employ,
  to be held by them, or their heirs or assigns, in the following pro-
  portions  *   *   *   *  with the right and privilege to use and
  occupy my said store  *   *  in the same manner as I have done
  up to my death; provided, however, that they or either of them,
  as long as they shall occupy said store as above mentioned, pay to
  my sister  *   *   *  or her heirs, as hereinafter directed, a rental
  of fifty dollars per month." HELD:

That under the foregoing clause of the will of S., the fifty barrels of
  whiskey remaining stored in the bonded warehouse, with the excise
  duty unpaid thereon, at the time of the testator's death, did not
  pass to the legatees, the three clerks named.

APPEAL from The Orphans' Court of Baltimore City.

William Kloch, Joseph S. Taylor and Henry Korber,
filed their petition in the Orphans' Court of Baltimore
City, claiming as legatees under a clause in the will of
Louis Senft, deceased, which is set out in the opinion of
this Court, to be entitled to fifty barrels of whiskey, as

forming part of the specific legacy to them.   They prayed
that the Court would pass an order compelling the admin-
istrators *c. t. a.* to distribute to the petitioners the said
fifty barrels of whiskey, and directing the said adminis-
trators to charge the personal estate of the testator with
the excise tax on said whiskey, which had not been paid
at the time of his death.   The administrators *c. t. a.* of
the deceased, answered the petition, charging that said
whiskey was bought on speculation by the deceased, and
did not comprise a part of the stock of his drug store on
Howard street, and was not intended by him to be taken
as part of his stock, and consequently did not pass to the
petitioners under his last will and testament.   The re-
spondents denied that they were called on in law, to pay
the tax imposed by the United States Government on
said whiskey, even should the language of the legacy and
the facts connected with the purchase thereof by the
deceased, be sufficient to give the same to the petitioners.
After testimony taken, the Court passed an order dismiss-
ing the petition.   From this order the petitioners appealed.

The cause was argued before BARTOL, C. J., STONE,
MILLER, ALVEY and IRVING, J.

*Samuel S. Pleasants,* for the appellants.

*Fielder C. Slingluff,* for the appellees.

ALVEY, J., delivered the opinion of the Court.
Louis Senft, a wholesale and retail druggist in the City
of Baltimore, died in May, 1881.   Sometime before his
death he had purchased of Malcolm Crichton, a distiller,
fifty barrels of whiskey, which were stored, and remained
stored at the time of his death, in the distillery bonded
warehouse of Crichton, on Holliday street, and upon which
the government excise duty had not been paid.   The

deceased left a will, which has been admitted to probate, and which contains the following clause :—

"I give and bequeath my stock of medicines, drugs, paints, and furniture belonging to, or contained in my store, No. 22 N. Howard street, at the time of my death, to my three clerks in my present employ, to be held by them, or their heirs or assigns, in the following proportions, viz., To William Kloch, forty per cent., to Henry Korber, thirty per cent., and to Joseph Taylor, thirty per cent.; with the right and privilege to use and occupy my said store, No. 22 N. Howard street, in the same manner as I have done up to my death; provided, however, that they or either of them, as long as they shall occupy said store as above mentioned, pay to my sister, Wilhelmina Burger, or her heirs, as hereinafter directed, a rental of fifty dollars per month."

The first question presented is, whether the fifty barrels of whiskey, so remaining stored in the bonded warehouse, with the excise duty unpaid thereon, passed to the legatees, the three clerks named, under the clause of the will above recited; and if so, the second question is, whether the administrators of the estate of the deceased are bound to pay the duty and to exonerate the whiskey, for the benefit of the legatees.

There can be no question but that the legacy to the three clerks named, is a specific legacy. *Stewart vs. Denton,* 4 *Douglas,* 219 ; *Bothamley vs. Sherson, L. R.,* 20 *Eq. Cas.,* 304. But the question here is one of intention to be ascertained by construction of the clause of the will making the bequest; and the language employed must be interpreted according to its proper acceptation, or with as near an approach to that acceptation as the context of the will, and the circumstances existing at the time of its execution, fairly allow. Words descriptive of the subject-matter of the gift are not to be diverted from their ordinary proper sense and meaning, by extrinsic

proof to show that the testator attached to them some peculiar meaning of his own.   Parol evidence, it is true, is admissible for the purpose of ascertaining what is comprehended in the terms of a given description, referring to extrinsic facts; but in letting in such evidence the object is not to change the accepted meaning of terms, but only to ascertain what the description properly comprehends, when read in the light of the extrinsic facts disclosed. 1 *Jarm. on Wills*, (*Rand & Tal. ed.*) 739–40, and the authorities there cited.   Here the inquiry is, what was properly comprehended in the descriptive terms "my stock of medicines, drugs, etc., belonging to, or contained in my store, No. 22 N. Howard Street, at the time of my death?"   It is incumbent upon the parties claiming any particular article by virtue of the bequest, to show that it is fairly and properly embraced within the meaning of the terms of the gift.

It is to be observed, that the bequest is not of *all my stock in trade*; but it is of certain specific articles *belonging to, or contained in*, the store of the deceased, at a particular location.   If he had had medicines or drugs in any other store than that described, it would not be claimed, we suppose, that they would pass under the present bequest; and if whiskey, in the quantity here in question, could be considered either as medicine or drug, it would be difficult to show, under the conceded facts of the case, that *it either belonged to, or was contained in*, the store of the deceased.   The whiskey was in a distillery-bonded warehouse, in a different location from that of the drug store, and it was not subject to the owner's power of removal, except upon payment of the internal revenue tax thereon, and compliance with all the forms of the revenue system.

But can whiskey thus held by the testator, in the quantity in question, be fairly considered as embraced within the meaning of the terms *medicines or drugs?*   For if not

Kloch, *et al. vs.* Burger and Slingluff, Adm'rs *c. t. a.*

embraced within the meaning of one or the other of those terms, it clearly is not embraced within the meaning of any other terms employed in the bequest.

Now whiskey, according to the extrinsic proof, may be sold by druggists, in comparatively small quantities, *as medicine*, and doubtless a great many people so take it. But fifty barrels of whiskey, when compared with the ordinary stock of medicines and drugs kept on hand by the testator, or the extent of the drug business done by him, (shown to have been from $30,000 to $40,000 a year,) would seem to be wholly disproportionate. It is shown that at the time of the death of the testator he had in his drug store nearly nine barrels of whiskey, and that from one to two barrels were disposed of per month; but how so much whiskey was disposed of is made apparent by the testimony of one of the petitioners and legatees in this case, who says, that "Senft used to sell whiskey in quantities of from one to three and four gallons to private gentlemen; don't know for what purpose; he did a business of from $30,000 to $40,000; he sold the whiskey at from $3 to $4 a gallon."

We think it clear, that if Senft really intended to dispose of the fifty barrels of whiskey through his store and to his customers, it was not as a legitimate sale of a medicine or drug that he expected to sell it, but as whiskey in the ordinary retail; and hence in no proper sense, thus dealt in, could it be considered as medicine, and therefore within the meaning of the term used in the bequest. The testator, however, had never incorporated the fifty barrels of whiskey in his stock of medicines or drugs, and whether, if he had lived, he would have sold any portion of this lot of whiskey in his drug store, is by no means a positive certainty.

We concur with the Orphans' Court in the order passed by it, and must therefore affirm the order.

*Order affirmed.*