# Black's Estate.

*Wills—Legacies—Specific legacy—Proceeds of bonds.*

Where a testator bequeaths the proceeds of two bonds to legatees, and it appears that during his lifetime the bonds were paid off, the proceeds invested in a mortgage, and, after testator's death the mortgage was paid off, and the proceeds came into the hands of the accountant, the legatees are entitled to the proceeds, and a claim that the legacies were adeemed cannot be sustained, because the proceeds traced out and identified are intact and ready for distribution to the parties entitled thereto under the will.

Argued Nov. 4, 1908. Appeal, No. 189, Oct. T., 1908, by William H. Black, from decree of O. C. Allegheny Co., Dec. T., 1907, No. 94, dismissing exceptions to distribution in estate of Alexander M. Black, deceased. Before FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Exceptions to distribution. Before MILLER, J.

From the record it appeared that testator died November 5, 1905. By his will dated January 31, 1900, he directed his ex-

ecutor, the Safe Deposit & Trust Company, it having been his committee also, "to pay to David R. Kennedy one-half of the proceeds of bonds I hold in the National Life Insurance Company of Vermont. To Mrs. H. C. Lewis, residing near Parker, Spottsylvania County, Virginia, the remaining proceeds of same bonds."

On July 5, 1905, some months before Black's death, there was paid to the Safe Deposit & Trust Company, his committee, $2,000, being the proceeds of these bonds or policies.

A short time after its receipt, and in the lifetime of Black, the committee invested these cash proceeds in a mortgage, assigned on its books to Black's credit; it remained so invested up to and after Black's death, when the investment in the form of cash was paid to his administrator pendente lite, and afterwards as cash came back to the accountant's hands, and is part of the balance in cash for distribution.

*James R. Sterrett*, of *Patterson, Sterrett & Acheson*, with him *Hugh S. Craig*, for appellant.—If a legacy be given with reference to a particular fund, only as pointing out a convenient mode of payment, it is to be considered demonstrative, and the legatee will not be disappointed though the fund wholly fail. But where the gift is of the fund itself, in whole or in part, or so charged upon the object made subject to it, as to show an intent to burden that object alone with the payment, it is deemed specific, and consequently liable to be adeemed by the alienation or destruction of the object: Welch's Est., 28 Pa. 363; Walls v. Stewart, 16 Pa. 275; Ludlam's Estate, 13 Pa. 188; Blackstone v. Blackstone, 3 Watts, 335; Hoke v. Herman, 21 Pa. 301; Harshaw v. Harshaw, 184 Pa. 401; Smith's Appeal, 103 Pa. 559; Crawford v. McCarthy, 159 N. Y. 514 (54 N. E. Repr. 277); Holt v. Lamb, 17 Ohio St. 374.

*D. C. Jennings*, with him *W. K. Jennings* and *George Henderson*, for appellee.—As the proceeds of the sale of the property is given, it follows that if such a part thereof as is specified can be traced out and identified, at the time of the death of the testator, the legacy will take effect, and there will be no ademption,

or, only a partial one: Nooe v. Vannoy, 6 Jones Eq. 185; Clark v. Browne, 2 Smale & Giffard, 524; Pulsford v. Hunter, 3 Brown Ch. 416.

OPINION BY MR. JUSTICE ELKIN, January 4, 1909:

The testator held two bonds in the National Life Insurance Company, maturing in twenty years, which were in the nature of insurance contracts. He bequeathed one-half of the proceeds of these bonds to David R. Kennedy and the remaining half to Mrs. H. C. Lewis. · These legatees in the distribution of the estate in the court below claimed what the will in express terms gave them, that is, the proceeds of these bonds. Their right to participate in the distribution is denied by the residuary legatee on the ground that these legacies were adeemed. The solution to the controversy depends upon the facts rather than upon the law. · Of course, if the testator had bequeathed a particular bond to a certain person, and in his lifetime had disposed of that bond so that it did not remain his property at the time of his death, that would be an end of the legacy, because the particular thing bequeathed was not the property of the testator when the will became operative. Under such circumstances there would be an ademption. But that is not this case. The testator bequeathed, not the bonds, but the proceeds, and the learned court below has found as a fact upon sufficient testimony that the proceeds of these bonds, identified and earmarked, are intact, ready for distribution to the parties entitled thereto. This finding of fact relieves the whole situation from difficulty. The very thing bequeathed by the testator, that is, the proceeds of two certain bonds, being in existence and belonging to him at the time of his decease, there is no rule of law which would deny the legatees the right to demand and receive what the will in terms gave them. The learned judge who delivered the opinion of the court in banc very properly and pertinently said: "Ademption of a specific legacy arises by the alienation or destruction of the object. It is now clear that the thing devised has neither been alienated or destroyed; the proceeds being traced out and identified at the time of testator's death, the legacy will take effect: Nooe v. Vannoy, 6 Jones Eq.

185. The proceeds of these bonds being the thing devised were in fact kept apart from the testator's estate by the mortgage investment, therefore the argument in favor of extinction and ademption falls: Clark v. Browne, 2 Sm. & Gif. 524."

Decree affirmed at the cost of the appellant.