## Gibson's Estate.

*Wills—Devise—Ademption—Sale of real estate—Codicil.*

1. Where a particularly described piece of ground is specifically devised, and afterward is sold by the testator, or taken from him by operation of law in his lifetime, the devisee takes nothing.

2. Testatrix devised to two sisters and a brother "to be divided equally" "my interest in the real estate in the City of Albany." Subsequently she sold the real estate and took in part payment a purchase money mortgage. Afterwards one of the sisters died, and the testatrix made a codicil as follows: "Since the death of my sister M. my bequests to her I now transfer to my sisters S. and I." In the original will there were other bequests to M. *Held*, that the gift of the real estate was adeemed by its sale, and not revived by the codicil.

Argued Dec. 12, 1913. Appeal, No. 177, Oct. T., 1913, by Sarah A. Clarke et al., from decree of O. C. Phila. Co., July T., 1912, No. 122, dismissing exceptions to adjudication in Estate of Mary Gray Gibson, deceased. Before RICE, P. J., HENDERSON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Exceptions to adjudication.

From the record it appeared that testatrix by her will directed as follows:

"To my husband Jesse J. Gibson, I leave my house No. 881 North Twenty Fifth St., in the City of Philadelphia to him during his life, and at his death to be sold, and the proceeds divided equally between my

sisters Sarah Clarke of Toledo, Ohio, Margaret J. Courtney, of Albany, N. Y., and Isabella G. Seward of Albany, N. Y. My interest in the real estate in the City of Albany, N. Y., I leave to my sisters Sarah Clarke of Toledo, O., Margaret J. Courtney of Albany, N. Y., Isabella G. Seward of Albany, N. Y., and my brother Dickinson Courtney, of Albany, N. Y., to be divided equally. I also leave to my husband my furniture and household goods, and it is my request that they be sold as soon after my death as possible and he receive the benefit of said sale. To my sister Sarah Clarke I leave my china tea set, lace shawl and gold rimmed eye glasses, chain and pin. To my niece, Mary G. Seward, I leave my watch and chain and silver spoons that were my mother's, marked M. C. To my sister, Isabella G. Seward, I leave my clothing of every description.

"I request that my books and jewelry be divided between my nieces, Bessie Weaver and Isabel Seward."

By a codicil testatrix directed as follows:

"Since the death of my sister, Margaret J. Courtney, my bequests to her I now transfer to my sisters, Sarah Clarke and Isabella G. Seward."

Between the making of the will and the codicil, testatrix sold her real estate in Albany and took in part payment therefor a purchase money mortgage, which she continued to hold until the time of her death.

The auditing judge held that the gift of the interest in the Albany real estate had been adeemed by the sale, and accordingly held that the mortgage was a part of the residuary estate.

*Errors assigned* were in dismissing exceptions to adjudication.

*Samuel W. Cooper*, for appellants.—It is manifest that "bequests" in their proper and usual sense, refer to personal property, and the testatrix in the use of this word in the plural, in connection with the words,

"interest," "to be divided equally" must surely have intended to include any interest or claim she may have had against the Albany property under the mortgage: Cunningham's Est., 51 Pitts. L. J. 363; Black's Est., 223 Pa. 382; Jaynes v. Hamilton, 98 Md. 665; Miller v. Malone, 109 Ky. 133.

*William E. Caveny,* for appellee.—The devise of the interest in the real estate was specific and was adeemed by the sale made during the life of the testatrix: Blackstone v. Blackstone, 3 Watts, 335; Shupp v. Gaylord, 103 Pa. 319; Harshaw v. Harshaw, 184 Pa. 401.

A codicil will not operate to republish a will so as to make it speak as of the date of the codicil for the purpose of reviving a legacy revoked, adeemed or satisfied: Garrett's App., 15 Pa. 212; Drinkwater v. Falconer, 2 Vesey Sr. 622; Paine v. Parsons, 14 Pick. 318; Cowper v. Mantell, 22 Beavan, 223; Sidney v. Sidney, L. R. 17 Eq. 65.

OPINION BY HENDERSON, J., July 15, 1914:

At the date of the will the testatrix was the owner of an undivided one-tenth of a parcel of real estate in Albany. This share she sold after the execution of the will, a part of the purchase money being secured by a mortgage on the premises conveyed. By the will her interest was devised to two sisters, Margaret and Isabella, and a brother, Dickinson. The will describes the property devised as "My interest in the real estate in the City of Albany, N. Y." There can be no doubt that the intention of the testatrix was to give this real estate to her sisters and brother as real estate. The word "interest" is evidently used as synonymous with "share" rather than as descriptive of the character of the property intended to be given. When the sale took place this real estate was extinguished as a part of the property of the testatrix and ceased to be the subject of a devise. At the time the will took effect there was

no real estate meeting the terms of the will as intended to be understood when it was made. The doctrine is clearly established by Harshaw v. Harshaw, 184 Pa. 401, and other cases preceding it that where a particularly described piece of ground is specifically devised and afterward is sold by the testator or taken from him by operation of law in his lifetime the devisee takes nothing. This results as a rule of law for reasons paramount to considerations of intention. Of course, the devise or bequest may be restored by a new will or codicil, but in the absence of such renewal the imagined intention does not overcome the rule of law: Blackstone v. Blackstone, 3 Watts, 335; Shupp v. Gaylord, 103 Pa. 319. That the gift of the land was a specific devise is evident under all the authorities: Ludlam's Est., 13 Pa. 188; Snyder's Est., 217 Pa. 71. We are urged to consider, however, that the appellants are entitled to the fund in question under the codicil made after the sale of the land and after the death of the sister, Margaret. The relevant part of the codicil is in these words: "Since the death of my sister, Margaret J. Courtney, my bequests to her I now transfer to my sisters, Sarah Clarke and Isabella G. Seward." As there were other bequests to Margaret and no reference is made to the property in Albany it is not necessary to conclude that the mortgage was intended to be embraced in the codicil to satisfy the terms of that instrument. The codicil does not revive the will to give vitality to an extinguished devise or bequest in the absence of an expressed intention to that effect. It is true that under the act of June 4, 1879, the will and codicil speak and take effect as if executed immediately before the death of the testator, but the object of this act is not to give such effect to the will as to make it apply to other property than that which the testatrix made the subject of the devise. As already stated the intention was to give that which the testatrix then had in Albany; that is, an undivided interest in a piece of real estate. That it was to be

divided equally does not change the character of the property. That provision of the will relates to the quantity of interest which each of the sisters and the brother was to have, but we think does not imply an intention of the testator to cover a possible sale or conversion of the property into another form. In the light of the authorities bearing on the subject and the construction to be attributed to the words of the testatrix we are of the opinion that the decision of the orphans' court was correct.

The decree is affirmed.