## Gernert Estate

*O. J. Tallman,* for accountant.

GEARHART, P. J., June 15, 1950.—This is the audit of the fourth and final account of Benjamin H. Stuckert, surviving substituted executor of the last will and testament of Emma C. Gernert, deceased.

The only question presented at the audit concerns Item 7 of testatrix's will. This item provides:

"I give and bequeath to my nephew, Benjamin H. Stuckert, and my niece, Emily I. Kress, their heirs and assigns absolutely and forever, my piano, which I value at Five Hundred ($500) Dollars, and also the sum of

Five Hundred ($500) Dollars. The one not taking the piano shall have the Five Hundred ($500) Dollars in cash."

Decedent during her lifetime sold the piano, the subject of the gift in paragraph 7 of the will. The question presented is whether an ademption of the gift has taken place or whether each of the legatees is entitled to $500. The gift of the piano represents a specific legacy. A specific legacy has been defined in Smith's Appeal, 103 Pa. 559, 561, as: "A specific legacy is a bequest of a specified part of the testator's estate which is so distinguished."

Ademption by extinction applies to a specific gift. Thus the sale, destruction and the like of a specific thing which has been given, destroys such gift, unless, either by the provisions of the will, or by some special statute, the proceeds of such thing are given to the legatee in place of the thing itself: 4 Page on Wills, §1517, Gerlach Estate, 364 Pa. 207; Horn's Estate, 317 Pa. 49; Miller's Estate, 251 Pa. 201.

In the instant case, whilst testatrix has placed a value of $500 on the piano, the gift itself is of the piano to the two legatees as tenants in common, as was also the $500. She contemplated that the legatees would agree between themselves as to who should take the piano and who should take the cash. The piano is no longer in existence; however, the $500 is. The sum of money was given to both of them; accordingly, each is now entitled to $250. There is nothing in the will from which we can gather that testatrix intended that $500 should be paid to each of the legatees, regardless of whether or not the piano was in existence. The $500 was only the measure of the value of the piano. Thus, if the parties themselves could not have agreed as to who should take the piano, it would have been necessary to sell the piano and divide the proceeds. The

piano may have brought only $200. In that event, it would hardly be plausible to say that each of the legatees should nonetheless receive $500.

The gift here was of the piano, and testatrix herself extinguished the gift by sale. This is quite different from the case where the bequest is of proceeds of specific property and where the proceeds may be traced and identified, as in the Frost Estate, 354 Pa. 223.

Accordingly, we rule that the gift of the piano is adeemed.