SEIFERT ET AL. *v.* KEPNER AND CENTRAL TRUST
CAPITAL BANK, EXECUTORS, ETC.

[No. 151, September Term, 1961.]

*Decided February 16, 1962.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*John H. Herold* and *Shale D. Stiller,* with whom were *Frank, Bernstein, Gutberlet & Conway* on the brief, for appellants.

*Fletcher Krause* and *C. Victor McFarland* for appellees.

HENDERSON, J., delivered the opinion of the Court.

This appeal presents the question whether there was an ademption of a legacy of the proceeds of stock owned by a testator, where the corporation had distributed a liquidating dividend shortly prior to the testator's death.

Alfred A. Seifert, 78 years of age, died on September 21, 1959. His will, dated July 18, 1952, and two codicils dated February 29, 1956, and September 24, 1956, respectively, were duly admitted to probate. While his personal estate in Baltimore County only amounted to about $41,000, his total estate for Federal tax purposes, including real estate in Pennsylvania, amounted to about $110,000.

Mr. Seifert's wife had predeceased him, and his closest relatives were a sister, Bertha S. Kepner, one of the appellees, and a nephew, two nieces and a grandnephew, the children and grandchild of a deceased brother, who are the appellants. After making several pecuniary legacies, Item V of the will directed "my executors to dispose of all the stock of the Harrisburg Automobile Company, Inc., that I may own at the time of my death and to distribute the proceeds thereof in equal one-fourth ($\frac{1}{4}$) parts or shares to" the appellants. Item VI of the will set up a trust of certain mortgages and real properties for the benefit of his sister Bertha for life, with remainder to the appellants. Item VII left the

rest and residue to Bertha, who was also named as co-executor, with a further provision that the appellants should take the remainder, if Bertha predeceased him. The codicils did not alter the plan of the will, but simply revoked or reduced some of the pecuniary bequests, and enlarged the powers of the trustee.

When the testator executed his will, and thereafter until his death, he was the owner of 100 shares of the capital stock of Harrisburg Automobile Company, Inc. Of the 250 shares outstanding, 150 shares had been owned by William P. Hain until his death in 1957. Thereafter the Hain stock was held by his executor, Central Trust Capital Bank. The stock was admittedly worth $160 per share. At a meeting of the stockholders in December, 1957, a liquidation of the corporate assets was discussed, but no action taken.

On August 21, 1959, notice of a special meeting of the stockholders and directors was sent out, and the meeting was held on September 15, 1959. Mr. Seifert was ill and unable to attend, but sent in his proxy to vote his stock. The directors proposed and the stockholders approved a resolution recommending "complete liquidation and dissolution of this Corporation as soon as possible." On the same day a second meeting of the directors adopted a resolution declaring a cash liquidating dividend of $140 per share. A check in the amount of $14,000 and dated September 15, 1959, was mailed to Mr. Seifert. When Mr. Seifert died on September 21, 1959, there were found among his papers certificates for 100 shares of Harrisburg Automobile stock and the check for $14,000, which had not been indorsed, cashed or deposited.

After the testator's death his executors negotiated the check and it was duly paid. In their first administration account they allocated to the appellants the 100 shares of stock, valued at $20 per share, or $2,000. The appellants filed exceptions claiming that they were also entitled to $14,000, representing the "proceeds" of the stock. The Orphans' Court overruled the exceptions and this appeal followed.

In *Elwyn v. De Garmendia,* 148 Md. 109, 111, a case of commingling, Chief Judge Bond, for the Court, pointed out that a specific legacy may be adeemed or nullified if the thing

given does not continue in existence until the time of a testator's decease. The ademption may result not only from a complete loss or destruction of the subject of the gift, but also from changes which "involve a loss of its identity as specified." Whether an ademption occurs depends rather upon the fact of change than a change of intention. But nevertheless Chief Judge Bond stated (p. 114) that: "The question, then, is one of the testator's intention in the designation or description of the articles given", and cited *Walton v. Walton,* 7 Johns. Ch. 258, for the proposition that "dividends to shareholders on liquidation of the Bank of the United States were held to pass under a legacy of shares in the bank."

The cases and writers generally recognize a distinction between a gift of stock and a gift of its proceeds. In the latter case it has been held in well considered cases that the legatee is entitled to the money if it can be traced, although there is a split of authority on the point. See *Gist v. Craig,* 141 S. E. 26, 40 (S. C.); *Durham's Adm'r v. Clay,* 134 S. W. 153, 157 (Ky.); *In Re Barrows' Estate,* 156 Atl. 408, 413 (Vt.); *In Re Frost's Estate,* 47 A. 2d 219, 220 (Pa.). See also Atkinson, *Law of Wills* (2d ed.), p. 744; 96 C.J.S., *Wills,* Sec. 1177 (h). The cases are collected in a note, 165 A.L.R. 1032.

Some cases take the view that a mere change in form is not controlling. Where there is a clear intention to confer a monetary benefit or interest in a fund, the benefit may survive a substitution. See *In Re Estate of Hall,* 160 A. 2d 49 (N. J.), and *Gray v. McCausland,* 51 N. E. 2d 441 (Mass.). See also *Littig v. Hance,* 81 Md. 416; *Joynes v. Hamilton,* 98 Md. 665; *Lyon v. Safe Dep. & T. Co.,* 120 Md. 514, 529; *University v. Uhrig,* 145 Md. 114, 123. In the case last cited it was held that no ademption occurred, although the stock bequeathed had been exchanged for bonds before the testator's death.

In the instant case the testator still owned the stock bequeathed at the time of his death, and the executors admit their obligation to sell and distribute the proceeds of it. The question concerns cash, liquidated and distributed to the testator by corporate action as a return of capital. In a broad

sense this was merely a change in form, effecting the conversion which the will directed. To hold that this change, not due to the action of the testator, effected a reallocation of the testator's careful plan of distribution among the natural objects of his bounty, would seem to defeat his manifest intention. We think the liquidating dividend in the hands of the testator at the time of his death is fairly within the description of the word "proceeds" in the language of the bequest, and that the distribution did not work an ademption. The cases of *Kloch v. Burger,* 58 Md. 575, *Walker v. Waters,* 118 Md. 203, and *Chase v. Stockett,* 72 Md. 235, are readily distinguishable.

Since we hold that there was no ademption under the facts of the instant case, we need not discuss the appellants' contention that the direction to sell made the legacy a general one.

*Order reversed and case remanded for the passage of an order not inconsistent with the views here expressed, costs to be paid out of the estate.*