## Weaver Estate

Lee C. Swartz, for exceptant.

Donald K. Royal, contra.

SWOPE, P. J., June 16, 1966.—Renda V. Weaver died testate on May 3, 1964, leaving as her next of kin two brothers, Daniel H. and Gilbert H. Werner and a

sister, Pansy H. Jacobs. Her will, dated May 2, 1950, was duly admitted to probate on May 7, 1964.

On July 14, 1965, the first and final account and the proposed schedule of distribution of the executor, Dauphin Deposit Trust Company, was affirmed by adjudication of the Orphans' Court of Dauphin County. No exceptions had been filed at this time. On July 23, 1965, Gilbert H. Werner and Pansy H. Jacobs filed exceptions to the adjudication of the auditing judge affirming the schedule of distribution. The two exceptants received notice of the filing of the first and final account only after the account had been audited and approved.

The provision of the will relating to the property involved in the exceptions reads as follows:

"I hereby direct that my property located at 313 Muench street, Harrisburg, Pennsylvania be sold by my hereinafter named Executors and the proceeds of said sale to be divided equally between my brothers and sisters living at the time of my decease, to have and to hold at their own free will".

From our examination of the evidence in this case, we find the following facts:

On November 4, 1960, testatrix, Mrs. Weaver, sold her property at 313 Muench street, Harrisburg, Pa., for the selling price of $6,850. Of this selling price, $2,-000 was retained by the Harris Building and Loan Association as collateral stock for the mortgage of the purchasers. This collateral stock was redeemable upon sufficient payments made by the purchasers to the Harris Building and Loan Association on the mortgage.

In addition to the $2,000 in collateral stock, a broker's commission of $600 and other settlement costs were subtracted from the selling price, and a check in the amount of $4,209.25 was issued to Mrs. Weaver by her real estate agent on November 4, 1960. On November 10, 1960, this check was negotiated by the Cen-

tral Trust Capital Bank at its Colonial Park branch. On the same day, November 10, 1960, Mrs. Weaver opened a savings account at the Central Trust Capital Bank, Colonial Park branch, depositing $3,200. At the date of Mrs. Weaver's death, the funds in the savings account remained untouched, and with accumulated interest then totalled $3,542.69.

Also, on November 10, 1960, Mrs. Weaver deposited $1,000 in her checking account with the Central Trust Capital Bank at its branch on North Third Street, Harrisburg, Pa. Of this account, $244.40 remained at Mrs. Weaver's death, there being no additional deposits, but only certain withdrawals.

The executor, in its first and final account, suggested that the residue of the estate, including the aforementioned bank accounts and collateral stock, be distributed to Daniel H. Werner, the residuary heir. It is from the adjudication affirming these items of distribution that the exceptions were taken.

From the provision in the will, it seems clear that when the will was made, testatrix intended that the "proceeds" of the property at 313 Muench street should be divided among the brothers and sisters equally. Furthermore, it seems clear that the "proceeds" of the sale have been properly traced and identified, and consist of the two bank deposits in the amounts of $3,542.69 and $244.40, and $2,000 in collateral stock of the Harris Building and Loan Association.

The law is well settled that where a will gives a specific legacy and testator before death disposes of and parts with title to the thing bequeathed, the legacy is adeemed, or, as frequently stated by the courts, there is a revocation of the bequest: Gibson's Estate, 57 Pa. Superior Ct. 283 (1914); Harshaw v. Harshaw, 184 Pa. 401, 79 Atl. 89 (1898). Had the will in this case bequeathed the property at 313 Muench Street, and had testatrix during her lifetime then disposed of

the property, the legacy would have been adeemed and void. Testatrix did not, however, give the property itself, but instead directed that it should be sold and the "proceeds" divided among the brothers and sisters equally. We are of the opinion that, even though she herself sold the property during her lifetime, the fact that she retained the "proceeds" therefrom in such a manner that they could be identified and traced prevented the sale from working an ademption of the gift. We conclude, therefore, that the "proceeds" of the sale of the property should now be distributed according to the provision in the will.

The principle of law set down in Frost's Estate, 354 Pa. 223, 47 A. 2d 219 (1946), wherein the court held that a bequest of the proceeds of specific property is not adeemed by testator's sale where the proceeds are traced and identified, governs the question in this case.

The language of the will in that case is strikingly similar to that in question here:

"To my brother F. Wyatt Frost I give and bequeath any money I have in the bank. I direct my Executor F. Wyatt Frost to sell my General Motors stock as soon as may be done to advantage in his discretion, and the proceeds be equally divided between him and my sisters Annie Frost Scheide and Virginia Frost Lintern".

Testatrix in Frost's Estate subsequently sold the stock and deposited the "proceeds" in a checking account. A few days later, she transferred all but $500 to a savings account. The Pennsylvania Supreme Court, in Black's Estate, 223 Pa. 382, affirmed the opinion of the auditing judge allowing the traced proceeds in the savings account to be awarded to the beneficiaries as set out in the will, stating at 384:

"The testator bequeathed, not the bonds, but the proceeds, and the learned court below has found as a fact upon sufficient testimony that the proceeds of these bonds, identified and earmarked, are intact, ready for

distribution to the parties entitled thereto. This finding of fact relieves the whole situation from difficulty".

In the instant case, we hold that Gilbert H. Werner and Pansy H. Jacobs are entitled to share equally with Daniel H. Werner in the savings account of $3,542.69, plus any additional interest credited thereon, the checking account of $244.40, and the collateral stock in the Harris Building & Loan Association, comprising the traced "proceeds" of the sale of property located at 313 Muench Street, in accordance with the following

ORDER

And now, June 16, 1966, the exceptions filed herein are sustained and the adjudication and order of this court dated July 14, 1965, is hereby set aside. The executor of the estate of Renda V. Weaver, deceased, is directed to prepare a revised suggested schedule of distribution, without delay, in accordance with the conclusions reached in the within opinion, for approval and final order of this court.