## The Gettysburg National Bank v. Saxe

*Henry O. Heiser, III,* for plaintiff.
*Daniel W. Shoemaker,* for defendants.

SPICER, *P.J.,* May 17, 1983—Plaintiff bank filed two complaints under Pa.R.C.P. 2981 while entering judgments on two mortgage bonds. The actions have been consolidated for our purposes.

Defendants, husband and wife, filed answers to both complaints. The answers contained averments not now material and then asserted, in new matter, that defendants had executed and recorded a deed in lieu of foreclosure but that plaintiff refused to accept possession. The alleged conveyance is set up as a defense to these two actions in personam.

As part of the answers, defendants attached a letter copy from bank counsel in which plaintiff expressed some willingness to accept the deed if defendants agreed in writing to the following:

A. To waive the benefits of the Deficiency Judgment Act and agree to be personally liable, jointly and individually, for any deficiency which might arise following a good faith sale of the property.

B. Your clients acknowledge that the conveyance in question does not operate as a merger and that the mortgage remains "alive" despite the transfer.

C. That the consideration recited in the deed is not conclusive of the fair market value of the property and would be irrelevant in determining whether in fact a deficiency exists.

D. That your clients agree to pay any liens or other encumbrances against the property, to include taxes and/or municipal assessments, which would be junior in priority to that of the mortgage and not divested by the deed offered in lieu of foreclosure.

Defendants' attorney responded that his clients believed the property to be worth more than the debt and that neither side would waive anything by the transfer.

The case was placed on the trial list and proceeded to pretrial conference. At that time, the court determined that two legal issues should be resolved before the case could proceed. By order dated March 18, 1983, the court placed the case on the argument list to resolve the following issues:

(1) Can defendants require the bank to accept a deed in lieu of foreclosure?

(2) Does the Deficiency Judgment Act, 42 Pa. C.S.A. §8103 et seq. apply to a proceeding in which there is a deed in lieu of foreclosure?

This being the scope of inquiry, the court will ignore other issues raised in defendants' brief and not addressed by plaintiff.

We will address the second issue first. It is our opinion that only a contrived reading of the act, supra, could make it applicable to the situation contemplated here. The act applies when real property is sold in execution proceedings. The purpose of this deed, if we understand defendants, is to make a sale and execution proceeding unnecessary. Unless the conveyance is followed by execution proceedings and the bank again became the purchaser, the act, by its terms, does not apply.

Plaintiff argues that it cannot be compelled to accept a deed and that it has the right to proceed with an execution sale unless defendants pay what is owing. Plaintiff asserts that an unwanted deed leaves unanswered questions of personal liability and junior lienholders. Defendants respond that the mortgage is a defeasible conveyance and they are giving plaintiff all it is entitled to.

We see no point in embarking upon a historical

journey through mortgaging. Suffice it to say that presently it appears clear in Pennsylvania that even though a mortgage is by form a defeasible sale, it is in substance a grant of specific security or interest in land for purposes of security. Ladner, Conveyancing in Pennsylvania § 12.06. The lien of a mortgage is normally extinguished by payment and satisfaction. It may sometimes occur by merger. While the presence of intervening lienholders may be a circumstance mitigating against merger, the question is one of intent of the parties. As Ladner points out, there is a possibility a mortgagor to mortgagee deed, unless providing otherwise, "would operate to discharge the mortgage by merger. A careful conveyancer will avoid uncertainty as to the effect of a deed to the holder of a mortgage by inserting in the deed a statement of declaration of intention that the deed is (or is not) intended to discharge the mortgage and its accompanying bond." Id., § 12.27 at 82.

It is obvious that plaintiff attempted to address this issue. It is equally obvious that defendant refused. Thus, the circumstances presented here show only ambiguity.

How, then, would plaintiff hope to purge the premises of junior liens? We have seen one case in the course of our reading holding a conveyance to a mortgagee to terminate junior liens.[1] We hardly think any court in our state would similarly rule. Rather, a judicial sale would be required to terminate those liens. Id., § 16.01(c). Forcing a mortgagee to accept a deed would require it to first prove that its lien has not been extinquished by merger before proceeding to an execution sale to divest

---

1. Jaubert Bros., Inc., v. Walker, 203 Miss. 242, 33 So. 2d 827 (1948) cited in 55 Am Jur 2d, Mortgages, § 1261.

junior liens. The net result is to impose an additional burden with nothing saved.

The next question to be addressed concerns liability for any deficiency. If we assume that the bank could assert its lien and proceed to judicial sale, the Deficiency Judgment Act might apply.[2] However, the question again becomes what has been saved in the way of trouble and expense. The only effect of the conveyance would have been to place on record the value of $65,000 that defendants assert.

It the bank were to proceed to private sale, the act, supra, would be inapplicable. In an action for personal liability the value of the property could perhaps be asserted as a setoff. Again, defendants have placed on record a value recited in the deed which plaintiff has arguably accepted.

A reading of general discussions of the subject leads us to conclude that conveyances such as proposed here are always the result of agreements by the parties; we have pointed out a few of the areas needing agreement such as merger and the determination of fair price. We can find no cases, nor have counsel submitted any, holding that a mortgagor can force a mortgagee to accept a deed. If there is an agreement, it might be possible to save both parties trouble and expense. If there is no agreement, it would appear to us that forcing plaintiff to accept a deed would only guarantee future litigation.

It has been said that the general rule concerning personal liability is that such liability depends upon the intention of the parties. If the conveyance is expressly for the purpose of satisfying the mortgage

---

2. It is clear the mortgagors cannot waive the Act's benefits. They could, of course, argue that the bank had waived any rights to proceed for deficiency judgment.

170

debt, it will be given that effect. Miller's Estate, 251 Pa. 201, 96 Atl. 473 (1915). If nothing is said, it is often presumed that the debt is satisfied. 55 Am Jur 2d, Mortgages, §1232. We again note that defendants' refusal to consider and to respond to plaintiff's request that personal liability be preserved.

It appears clear defendants seek to curtail important rights of plaintiff. There are no reasonable prospects that the conveyance will result in anything but more litigation.

The following ruling is made.

### ORDER OF COURT

And now, this May 17, 1983, the court answers the issues in the negative in accordance with the foregoing discussions. Another pretrial conference is scheduled for June 14, 1983, at 1:00 p.m.