# Smith's Appeal.

103 559
131 337
103 559
158 637

1. A general or demonstrative legacy is not adeemed by the sale or change of the fund; but generally a specific legacy is revoked by a sale or change of form of the thing bequeathed.

2. When a legacy is so connected with a fund out of which it is payable, that the legacy and the fund are the same, it is specific.

3. A testator in his will provided as follows: "I give and bequeath to my son, A. . . . the sum of $2,000, out of the sum of near $4,000, now on deposit in the Farmers' Bank . . . . providing the said amount and interest is collected from the assets or stockholders of said bank . . . ." and to his son B. the sum of $1,500, with the same proviso. "The remaining part of the money collected from said . . . bank . . . out of the sum deposited in said bank . . . to be divided equally between my sons A. and B. or their heirs." The testator afterwards collected $1,342.76 from said bank, accepting it in full of all claims. The executor's account showed a balance of $3,264 35 for distribution.

*Held*, That the legacies to A. and B. were specific, and were adeemed by the testator's collection during his lifetime of the fund with which they were payable; and that the entire fund in the executor's hands should be divided among the testator's next of kin according to the intestate laws.

May 10th 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ. CLARK, J., absent.

APPEAL from Orphans' Court of *Cumberland county :* Of January Term 1883, No. 119.

Appeal of Edward Smith from a decree of said court dismissing exceptions to and confirming the report of an auditor appointed to distribute the balance appearing by the account of J. O. M. Butts, executor of Joseph Smith.

Before the auditor, J. P. Rhoads, Esq., the following facts appeared : Joseph Smith died August 3d 1880, leaving two sons, Samuel and William, a daughter, Mary, and three children of his deceased eldest son, David, to wit, Edward, William and Salvina.

By his will, dated September 22d 1875, and duly proved August 13th 1880, after directing his debts and funeral expenses to be paid, and devising a farm in Franklin county to his three grandchildren, or the survivor of them, under certain conditions, he provided as follows :

" I give and bequeath to my son, Samuel Smith, of Stark county, Ohio, the sum of two thousand dollars out of the sum of near four thousand dollars now on deposit in the Farmers' Bank of Shippensburg, or in the hands of the assignees of said bank, providing the said amount and interest is collected from the assets or stockholders of said bank, with the farm he now resides on, in Stark county, Ohio, or to his heirs. I give and

bequeath unto my son, William Smith, of Shippensburg township, Cumberland county, and state of Pennsylvania, the sum of fifteen hundred dollars, providing the said money in the Farmers and Mechanics' Bank of Shippensburg is collected from the assets or stockholders in said bank, (of the sum of near four thousand dollars now on deposit in said bank of my money). Providing my son, William Smith should die, having no widow or heirs, then the said money to be equally divided among the surviving children and their heirs. The remaining part of the money collected from the said Farmers' and Mechanics' Bank of Shippensburg, out of the sum deposited in said bank and the interest on same, to be divided equally between my sons, William and Samuel Smith, or to their heirs."

During the period between the date of his will and his death, Joseph Smith received from the assignees and stockholders of the Farmers' and Mechanics' Bank of Shippensburg, the sum of $1,342.76, which he accepted as payment in full of his deposit and claim against the bank.

The final account of his executor showed a balance on hand of $3,264.35. The question before the auditor was as to the character of the legacies to Samuel and William Smith; whether they were specific, and therefore adeemed by the testator's collection of the fund from which they were to be paid, during his lifetime, or whether they were general or demonstrative, and payable out of the general assets.

The auditor held that they were demonstrative, and directed the fund in the executor's hands, after deducting expenses, to be applied to their payment ; but as this fund was not sufficient to pay them in full he held that they must abate proportionally.

Exceptions filed to this report by Edward Smith, were overruled by the court and a decree made affirming the same. Whereupon he took this appeal, assigning for error the decree of the court and its refusal to award the whole fund to the next of kin under the intestate laws.

*W. Trickett & J. A. C. McCune,* for the appellant.—The legacies to William and Samuel Smith were of a certain specified fund, the whole of which was to be divided between them in the proportions set out in the will. They were therefore specific, and the collection of this fund by the testator in his lifetime, being a receipt by him of the debt, out of which the legacies were to be collected under his will, adeemed them : Williams on Executors 6 Am. ed. p. 1322 ; Ludlam's Estate, 13 Pa. St. 188 ; Balliet's Appeal, 14 Pa. St. 451 : Blackstone *v.* Blackstone, 3 W. 335 ; Cuthbert *v.* Cuthbert, 3 Yeates 486 ; Welch's Appeal, 28 Pa. St. 363. The words used by the testator after reciting each legacy, to wit, "providing the said amount and

interest is collected from the assets or stockholders of said bank," clearly make the legacies conditional upon the collection of the deposit, and indicate the testator's intention to give the product of the deposit as such ; and this intention is further shown by his division of the surplus, if any, between the legatees : Walls *v.* Stewart, 16 Pa. St. 275.

*A. B. Sharpe*, for appellees.—The legacies were demonstrative, a particular security being pointed out as a convenient fund from which to pay them. Had the testator bequeathed to his sons respectively, 2,000 shares and 1,500 shares of his bank stock, these would have been specific legacies ; but the bequest was of certain sums payable out of that stock, making them clearly demonstrative : Armstrong's Appeal, 13 P. F. S. 315. The appellant endeavors to show that the bequests were charged exclusively on the fund in bank, and that the fund failing, the legacies were adeemed : citing Wall *v.* Stewart, 16 Pa. St. 275. Although this case may seem to be authority for that position, yet it cannot be reconciled with the later case of Welch's Appeal, 4 Casey 363.

Mr. Justice TRUNKEY delivered the opinion of the court, October 1st 1883.

A legacy is general when it is so given as not to amount to a bequest of a particular thing or money of the testator as distinguished from all others of the same kind. If made payable primarily out of a specified fund it is called demonstrative. A specific legacy is a bequest of a specified part of the testator's estate which is so distinguished. A general or demonstrative legacy is not adeemed by the sale or change of the fund ; but generally a specific legacy is revoked by a sale or change of form of the thing bequeathed. Courts are averse to construing legacies to be specific, and will not unless it be clear that the testator so intended. Where a legacy is bequeathed out of a debt generally, it is demonstrative, and if the debt be not in existence at the testator's death, or be insufficient to pay the legacy, the legatee will be entitled to satisfaction out of the general estate. In view of these principles, which were uncontroverted at the argument, the real question in dispute is, whether the testator intended to give his sons, Samuel and William, so much money, primarily payable out of the debt owing by the bank, or to give to each a part of that debt.

It appears that the testator did not know the exact amount of the debt, or how much thereof would be collectible ; nor did he wish to equally divide the money or debt between his sons. He gave to Samuel $2,000, to William $1,500, and the residue to be divided equally between them. The whole of the money,

the entire fund, is given—the money and fund are undistinguish-able. When the legacy is so connected with the fund out of which it is payable, that the legacy and fund are the same, it is specific; as if I bequeath to B. the money now owing to me from A. or in the hands of A., or the money due to me on the bond of A., the legacy is specific: Welsh's Appeal, 28 Pa. St. 363. Certain parts of the money due to the testator on the deposit are given to each son, and the money thus given is the whole deposit owing by the bank.

The giving to each a certain portion—to both the whole—is indicative of an intent to give that fund—not so much money out of the estate if the fund failed. The phrase, "I give and bequeath to my son Samuel the sum of $2,000 out of the sum of near $4,000 now on deposit in the bank," by itself, would vest a demonstrative legacy; but the testator added, " providing the said amount and interest is collected from the assets or stock-holders of said bank." Manifestly, the word " providing " is used in the sense of " provided," and means upon condition, or with the understanding, that said $2,000 shall be collected out of that debt. Then, if it should not be collected out of the specified debt, it was not to be paid. Here, also, the intention seems to be to limit payment of the legacy to the fund itself.

We are of the opinion that the legacies to Samuel Smith and William Smith are specific, and were adeemed, and that the whole fund should be distributed to the next of kin according to the intestate laws.

Decree reversed at the costs of the appellees, and record remitted for further proceeding.