JOHN GEORGE MILLER, Executor, Etc.,

*vs.*

CARRIE WEBER and MARY WATKINS.

*Wills: construction; intention; specific legacies; names; erroneous descriptions.*

In construing a will, the contention of the testator, as expressed by the language of the will, must prevail, unless it contravenes some positive principles of law.     p. 661

In arriving at this intention, the circumstances surrounding the testator at the time he executed the will are admissible. and should be considered, in interpreting the words employed.

p. 661

When an erroneous addition to the description of a thing is given, in a will, if the thing so given is otherwise sufficiently identified, it will not defeat the gift.     p. 661

But where there was·a bequest of money in *"the Baltimore Savings Bank,"* evidence of the mere fact that·the testator had no money in that Bank was held not to be sufficient to let it be inferred that money in any other particular savings bank was intended.     p. 662

In order to constitute a specific legacy, there must be a segregation of the particular property bequeathed from the mass of the estate, and a specific gift of the specified portion to the legatee.     p. 663

Where a fund is given by will, subject to debts or to other legacies, the gift of the residue is not specific.     p. 664

*Decided November 10th, 1915.*

Appeal from the Orphans' Court of Baltimore City.

The facts are stated in the opinion of the Court.

The cause was argued before Boyd, C. J., Briscoe. Burke, Thomas, Pattison, Urner, Stockbridge and Constable, JJ.

*Edward L. Ward,* for the appellant.

*John H. Richardson,* for the appellees.

THOMAS, J., delivered the opinion of the Court.

Henry Miller, of Baltimore City, died leaving a last will and testament, which was duly admitted to probate by the Orphans' Court of the City on the 13th of November, 1913.

The will, which was probably written by the testator himself, is as follows:

"Baltimore, Oct. 15, 1913.

"I Henry Miller of the City and State of Maryland being of sound mind memory and understanding do make my last will and testament in manner and form following.

"First I give devise and bequeath to my son John George Miller my house or property No. 12 North Wolfe St. including all Rough and finished Grave Stone and Monuments allso all the Furniture in the house and Tools and all Bills are stanting out and cash in the Baltimore Savings Bank. German Bank of Baltimore City and German American Bank and Old Town National Bank. must be divided among my three Children John George Miller Carrie Weber and Mary Miller.

"I hereby appoint my son John George Miller Executor of my estate.

"my hand and seal

"Henry Miller.

"Joseph Dormling, No. 6 N. Wolfe St.   (Seal)
"John Lindeman, No. 8 N. Durham St.   (Seal)."

Letters testamentary were granted to John George Miller. who, on the 6th of January, 1915, returned an inventory of the leasehold property, No. 12 North Wolfe Street, appraised at $400.00, and the stones, tools, furniture, etc., appraised at $358.15, and also an inventory of money belonging to the deceased, which shows that he had at the time of his death $22.85 in his house, $250.14 in the Old Town National

Bank, $510.75 in the German American Bank, $90.20 in the German Bank and $200.00 in the German Savings Bank.

On the 19th of January, 1915, the executor settled his first and final account, in which he is charged with the leasehold property, stones, tools, furniture, money in the house and banks and with $187.00, the amount of four "bills standing out" and collected by him, and allowed costs, commissions and debts paid by him to the amount of $545.31. The house, No. 12 North Wolfe Street, and the stones, tools, furniture and the amount of the four bills collected by him were distributed to John George Miller, and the money in the house and banks, after deducting therefrom the amount of costs, debts and commissions, was distributed one-third thereof to the said John George Miller and one-third to each of the other two legatees. Thereupon Carrie Weber and Marry Watkins, children of the testator, and two of the legatees named in his will, filed a petition in the Orphans' Court, excepting to the account and praying that the order of Court approving the same be rescinded. The grounds of the exceptions were (1) that the four bills, amounting to $187.00, collected by the executor should have been distributed under the terms of the will to the three legatees; (2) that certain of the items allowed the executor were not proper charges against the estate, and (3) that the amount of costs, debts and commissions "should have been charged pro rata against the whole estate."

The petition was answered by John George Miller, and after a hearing, at which counsel agreed that the deceased "never had any account in the Savings Bank of Baltimore," the Orphans' Court held that the bequest of the money in the banks, including the $200.00 in the German Savings Bank, "constituted a specific legacy," and accordingly passed an order rescinding its previous order approving said account, and requiring the executor to restate the account, and after applying the $22.85 in the house of the deceased at the time of his death to the payment of the debts and costs of administration, to pay the balance of the costs and debts out of the

legacy to John George Miller and the amount of money in the banks, *pro rata.* From that order John George Miller has appealed. No appeal was taken by Mrs. Weber or Mrs. Watkins, and the only questions presented by this appeal are (1) whether the $200.00 in the German Savings Bank can pass under the provisions of the will giving "the cash in the Baltimore Savings Bank" to the three legatees, and (2) whether the legacy of the "cash" in the several banks mentioned in the will is a specific legacy, and liable only to a *pro rata* contribution to the debts and costs of the administration.

1. In construing a will the intention of the testator, as expressed by the language of the will, must prevail, unless it contravenes some positive principle of law, and in arriving at his intention, the circumstances surrounding him at the time he executed the will are admissible and should be considered in interpreting the words employed: *Littig* v. *Hance*, 81 Md. 416. The record contains the agreement of counsel to the effect that the testator never had any money in the "Savings Bank of Baltimore," and the appellee insists that when the testator said "the cash in the Baltimore Savings Bank," he meant the money in the German Savings Bank. This Court said in *Littig* v. *Hance, supra,* that "an erroneous addition to the description of a thing which is given when the thing so given is otherwise sufficiently identified will not defeat the gift," and that the rule is "that when any property described in a will is sufficiently ascertained by the description, it passes under the devise, although all the particulars stated in the will with reference to it may not be true." The same principle is announced in 40 Cyc. 1559, where it is said: "While words cannot be added to a will, if there is a misdescription of a subject of a devise, and if, after striking out that portion of the description which is false, enough of the description remains, when read in the light of the circumstances surrounding the testator at the time the will was executed, to identify the property he intended to convey, the

remaining portion of the description may be so read, and the testator's purpose gives effect." In *Scarlett* v. *Montell,* 95 Md. 148, the property devised was described in the will as a "lot of three acres situated at the corner of Bloomsbury Lane and the Rolling Road," and it was claimed that the lot in question did not lie on the Rolling Road. The evidence showed that the testator only had one three-acre lot on the Bloomsbury Lane, and the Court said: "We do know, however, that the testator held but one three-acre lot on the Bloomsbury Lane, and we cannot doubt that it was his intention to dispose of it and no other. If it be assumed that it was not possible for it to be on the "corner of Bloomsbury Lane and the Rolling Road," it is evident that the testator made a mistake in the description of the lot. It is not less clear, however, that, notwithstanding the misdescription, he intended to devise the particular lot lying along the Bloomsbury Lane. For the reasons that have already been given,: we think this cannot be successfully ·controverted. The lot· mentioned in the will, is the lot the testator then was seized and possessed of lying along the Bloomsbury Lane, and being so identified that there can be no reasonable doubt as to what the lot is, the erroneous addition cannot defeat the· devise."

If we apply the above rule to the case at bar, and omit from the description of the property the word "Baltimore," the remaining description is "cash in the Savings Bank,": and the only facts presented to the Court as tending to show what savings bank the will refers to are that the testator "never had an account in the Savings Bank of Baltimore.. and that he had, at the time of his death, $200.00 in the German Savings Bank. These facts are hardly sufficient to identify the money in the German Savings Bank as the· subject of the gift. As said in *American Bible Society* v. *Pratt,* 9 Allen, 109, "the ·testator bequeathed property purporting to be that which he had at the time of making his will," and in the case we are now considering, so far as the

record discloses, the testator may have had, at the time the will was executed, money deposited in other savings banks.

2. In reference to the second question presented by the record, if we disregard the punctuations in the will (*Black* v. *Herring,* 79 Md. 146; 40 Cyc. 1403), the meaning of the testator becomes apparent, and it is clear that he intended to give the "cash" in the several banks named to the three legatees mentioned, and that the bequest is a specific legacy. The Court held in *Kunkel* v. *Macgill,* 56 Md. 120, that if a "testator bequeathes a specific thing as distinguished from all others of its kind, as money in a certain bag, or my Maryland State Bonds, such a legacy, it is clear, is specific, and the legatee is entitled to the thing bequeathed," and in the case of *Towle* v. *Swasey,* 106 Mass. 100, the Court said: "The gift to the son of whatever sum might be on deposit in the Provident Institution for Savings is a specific legacy. It is a gift of property specified and distinguished from all other property of the testator. If there had been no deposit at the time of the testator's death, the son would have had no claim upon the estate; and on the other hand, whatever cash was then in the bank is not subject to assessment to make up for any unexpected deficiency in the means to pay the other pecuniary legacies. By making it specific, the testator gives the strongest expression of his intention to exempt it from such reduction. It is set apart from the other assets, and must be classed with the other legacies of personal property in the ninth clause of the will, and paid in full before anything is paid to the general legatees." In the case of *Mayo* v. *Bland,* 4 Md. Ch. p. 487, the Chancellor held that "In order to constitute a bequest of personal estate specific, there must be a segregation of the particular property bequeathed from the mass of the estate, and a specific gift of a specified portion to the legatee," and in the case of *Chase* v. *Lockerman, et al.,* 11 G. & J., on page 209, the Court said: "We think that the bequest to his children of the money to be received under the decree in Chancery, was a specific

legacy, and not liable to abate with the general legacies. The money to be received under that particular decree, was given to the legatees; and they had a right to demand it, as such from the executor. The intent was clear, to give that identical money, and not a sum of the like amount generally. When received by the executors, it became specifically the right and property of the legatees, and they had a right to demand it of the executors as such." See also 40 Cyc. 1869, 1874; 13 Am. & Eng. Ency. of Law, 15-16.

It is urged on behalf of the appellant that the money in the banks constituted the residue of the testator's estate, and that it must therefore "have been given subject to the debts and other legacy." This Court said in *Littig* v. *Hance, supra,* that "Where a fund is given subject to debts or subject to other legacies, the gift of the residue is not specific." But the bequest here in question is not made by the terms of the will subject to debts or the other legacy, and there is nothing in the will to indicate that the testator intended the legacy to his son to have priority. The bequest to the three legatees is not of a definite sum of money, but the will separates and distinguishes the cash or money in the several banks named from the other property of the testator so that it can be identified and delivered to the legatees as the particular fund bequeathed.

It follows from what has been said that the $22.85 found in the testator's house and the $200.00 in the German Savings Bank should be applied to the payment of the debts and costs of administration, and that the legacy to John George Miller and the legacy to him and to Mrs. Weber and Mrs. Watkins should contribute *pro rata* to the balance of the debts and costs.   40 *Cyc.* 1909.

> *Order affirmed in part and reversed in part, and case remanded in order that an order may be passed in accordance with this opinion, the costs in this Court and in the Court below to be paid out of the estate.*