This bill is for the construction of the will of Joseph R. Newton, deceased, and is heard upon the following stipulations:
"1. A bill was filed in the court of chancery by Isabel Knisell Jessup Garron, Gordon A. Block and Woodbury Trust Company, a corporation, of the city of Woodbury, in the county of Gloucester and State of New Jersey, executors of the last will and testament of Joseph R. Newton, deceased, and Isabel Knisell Jessup Garron, of the city of Woodbury, county of Gloucester and State of New Jersey, asking the aid of the court of chancery in the construction of the last will and testament of Joseph R. Newton, deceased, and the obtaining of a decree upon complainants' rights thereunder.
"2. The parties defendant to the original bill were Rachel F. Christopher, Florence Newton McCall, Helen Newton Hagen, Samuel Newton, Marguerite Newton Preadmore Cox, Marguerite Newton Preadmore Cox, guardian of Ellie Newton Cox and Benjamin Cox, Margaret C. Reilly and Alma Baker.
"3. The complainants filed an amendment to the original bill, adding as additional defendants Ellie Newton Cox and Benjamin Cox.
"4. Answers have been filed by all of the defendants, each praying that the court construe the last will and testament of Joseph R. Newton, deceased, and each defendant making specific prayers with respect to the adjudication of their respective rights under said last will and testament of Joseph R. Newton.
"5. The complainants and the defendants by their respective counsel hereby stipulate the following facts:
"(a) That Joseph R. Newton, late of the city of Woodbury, died in March, 1931, leaving a last will and testament, which was on April 7th, 1931, duly admitted to probate by the surrogate of the county of Gloucester and letters testamentary thereon issued to Isabel Knisell Jessup Garron, Gordon A. Block and the Woodbury Trust Company, who have taken upon themselves the burden of administering the said estate. *Page 485 
"(b) A certified copy of the will of Joseph R. Newton is hereto attached and made a part of these stipulations.
"(c) Attached hereto is a certified copy of the inventory and appraisement of the goods and chattels, rights and credits and effects of Joseph R. Newton, made by Charles N. Bell and Chester N. Steelman, appraisers, dated April 7th, 1931.
"(d) It is further stipulated that in the adjudication of this matter paragraph 2 of the original bill shall be considered amended and contain among its recital of the various provisions of the will of Joseph R. Newton, paragraph 3 thereof, which reads as follows: `I give and bequeath unto my niece, Florence Newton McCall, daughter of my brother, Mahlon W. Newton, the sum of ($10,000) ten thousand dollars, provided she survive me, otherwise this legacy to lapse and the same to be and become a part of my residuary estate;' the said third paragraph of the will was inadvertently omitted in the drafting of the said original bill.
"(e) The said Rachel F. Christopher, Helen Newton Hagen, Florence Newton McCall, Samuel Newton, Marguerite Newton Preadmore Cox, Ellie Newton Cox, Benjamin Cox, Margaret C. Reilly and Alma Baker have all survived the testator.
"(f) Among the shares of stock owned by the decedent at the time of his death were nine hundred thirty-one shares of the capital stock of the First National Bank of Toms River, New Jersey, one hundred and fifty-two shares of which are held as collateral security by the Farmers and Mechanics National Bank of Woodbury to secure two notes, made and executed by Joseph R. Newton, each in the sum of $5,000, the first thereof being a promissory note made and executed by Joseph R. Newton to the Farmers and Mechanics National Bank of Woodbury, dated February 24th, 1931, due June 24th, 1931, upon which there has been a payment in cash of $2,500 on February 19th, 1932. Interest is due on the original loan of $5,000 from June 24th, 1931, to February 19th, 1932, and interest on the balance of $2,500 from February 19th, 1932, to date. As to the other thereof, note made and executed by Joseph R. Newton to the Farmers and Mechanics *Page 486 
National Bank of Woodbury in the sum of $5,000, dated December 23d 1930, due April 23d 1931.
"Two hundred shares of the capital stock of the said First National Bank of Toms River are held as collateral security by the Pennsylvania Company for Insurance on Lives and Granting Annuities of Philadelphia to secure a promissory note made and executed by the said Joseph R. Newton for the sum of $15,000, upon which there is due $15,000, and to secure the endorsement of the said Joseph R. Newton on a promissory note of the Saxton-Shale Brick and Tile Company, endorsed by the said Joseph R. Newton for the sum of $4,000, due April 10th, 1931, and to secure the endorsement of the said Joseph R. Newton upon an additional note of the Saxton-Shale Brick and Tile Company, endorsed by the said Joseph R. Newton for $3,500, due May 14th, 1931, upon which note there has been paid $2,500 on February 20th, 1932, leaving a balance thereof of $1,000. Interest has been paid on all loans with the Pennsylvania Company for Insurance on Lives and Granting Annuities of Philadelphia to May 31st, 1932.
"The balance of shares of stock in the said First National Bank of Toms River, New Jersey, are in the possession of the executors unhypothecated in the amount of five hundred and seventy-nine shares.
"(g) Among the shares of stock owned by the decedent at the time of his death were eleven hundred and seventy shares of the United States Loan Society, of which nine hundred and fifty shares were pledged as collateral with the First National Bank of Toms River to secure a loan of the Green's Hotel Company for $4,500, the original date of said loan being January 16th, 1931, and due May 16th, 1931. Interest has been paid in full on said loan to February 20th, 1932. $2,500 has been paid on account of the above loan on February 20th, 1932, leaving a balance of $2,000.
"The balance of shares of stock in the said United States Loan Society are in the possession of the executors unhypothecated, in the amount of two hundred and twenty shares.
"(h) The shares of capital stock in the Chase National *Page 487 
Bank of New York, the Pennsylvania Company for Insurance on Lives and Granting Annuities of Philadelphia, and the National City Bank of New York are not hypothecated.
"(i) The present value of the assets as per schedule hereto attached is $113,482.93, and thereto is also attached a list of securities of doubtful or unknown values.
"(j) The value of all real estate owned is $19,075.
"(k) Counsel for the respective parties hereto reserve the right to file briefs herein.
"Stipulation of facts:
"In the above entitled matter on final hearing for interpretation of the will of Joseph R. Newton, deceased, the following facts are stipulated and agreed:
"1. Joseph R. Newton died a resident of Woodbury, Gloucester county, New Jersey, on March 25th, 1931, leaving a last will and testament dated May 7th, 1930, which was on April 7th, 1931, admitted to probate by the surrogate of Gloucester county, and a true copy of the will is annexed to the bill of complaint.
"2. On April 7th, 1931, Isabel Knisell Jessup Garron, Gordon A. Block and Woodbury Trust Company, the appointees named in the will, were appointed executors thereof by the said surrogate.
"3. Isabel Knisell Jessup Garron, one of the executors and a legatee under the bill, is not related by blood or marriage to Joseph R. Newton, the testator.
"4. Among the assets of the estate at the time of the death of the testator, there were the following shares of stock, of the approximate value on June 15th, 1932, set after each:
 17 Shares United Shoe Machinery Co. ............... @ 29 $393.00
 6 Shares National City Bank of N.Y. .............. @ 26 1/2 159.00
 51 Shares The Pennsylvania Co. .................... @ 28 1,428.00
 113 Shares The Chase Nat'l Bank, N.Y. .............. @ 22 2,486.00
1,170 Shares United States Loan Society .............. @ 7 8,190.00
 931 Shares First Nat'l Bank, Toms River, N.J., ..... @ 60 55,860.00
 5 Shares Neptune Mortgage and Finance Co., ....... @ 60 300.00
 8 Shares Durant Motors ........................... @ 1/4 2.00
 120 Shares Home Bldg. Co., Atlantic City ........... @ 75 9,000.00
 60 Shares Arthur Burt Shoe Co. |
 ................. @ 31 1/4 2,500.00
 20 Shares Arthur Burt Shoe Co. |
 *Page 488 
 2 Shares Gloucester County Realty Co. ............ @ 9 18.00
 100 Shares Woodbury Terrace Co. .................... @ 40 4,000.00
 5 Shares Alex Wolfington Sons Co., pref. ......... @ 40 200.00
 ___________
 Total .................................... $84,536.00

"The testator, Joseph R. Newton, was the owner of the same nine hundred and thirty-one (931) shares of stock in the First National Bank of Toms River at the time he made his will, to wit, on May 7th, 1930.
"And the following shares of stock, of doubtful or unknown value:
 35 Shares Brodton Company, common stock.
 800 Shares Cotikyan-Oriental Looms, Inc.
 3/55/100 Shares United States Acceptance Corporation.
 60 Shares Wildwood and Delaware Bay Short Line R.R. Co.
 25 Shares St. Charles Hotel Co., preferred.
 5 Shares Auxiliary Fire Alarm and Telegraph Co.
 266 2/3 Shares Saxton-Shale Brick and Tile Co.
 498 Shares Green's Hotel Co.
 4000 Shares Alaska Mines Corporation.
2427 4/10 Shares Nome Holding Company.
 9909 Shares Nome Dredging Trust.

"5. The following is a summary of the bequests of stock by the testator:
Fifth Marguerite P. Cox ..... 1st Nat'l Bank, Toms River ......... 40 shs.
Sixth Ellie Newton Cox ...... 1st Nat'l Bank, Toms River ......... 30 shs.
Sixth Benjamin Cox .......... 1st Nat'l Bank, Toms River ......... 30 shs.
Seventh Margaret C. Reilly .... 1st Nat'l Bank, Toms River ......... 40 shs.
Eighth Isabel K.J. Garron .... All of remaining stock in my name after
 distributing that which is otherwise
 mentioned in this will, of 1st Nat'l
 Bank of Toms River.
Eighth Isabel K.J. Garron .... Chase Nat'l Bank ................ 113 shs.
Eighth Isabel K.J. Garron .... Pennsylvania Co., c. ........... 50 shs.
Eighth Isabel K.J. Garron .... National City Bank .............. 6 shs.
Eighth Isabel K.J. Garron .... United States Loan Society ...... 1,170 shs.
Ninth Alma Baker ............ 1st Nat'l Bank, Toms River ...... 40 shs.

"6. The decedent at the time of his death had no blocks of stock in the First National Bank of Toms River equal or identical in amount with the blocks of stock of that bank bequeathed in his will. He had nine hundred and thirty-one *Page 489 
shares of the stock of the First National Bank of Toms River in certificates, as follows:
 Certificate No. 86 .......................... 100 shares
 Certificate No. 87 .......................... 76 shares
 Certificate No. 268 .......................... 100 shares
 Certificate No. 269 .......................... 100 shares
 Certificate No. 270 .......................... 70 shares
 Certificate No. 360 .......................... 133 shares
 Certificate No. 279 .......................... 100 shares
 Certificate No. 282 .......................... 52 shares
 Certificate No. 280 .......................... 100 shares
 Certificate No. 281 .......................... 100 shares
 ___
 Total .................................. 931 shares
 Each of the par value of $100.

"7. Decedent had at the time of his death a total of one hundred and thirteen shares of the Chase National Bank of New York, in certificates as follows:
 Certificate No. F-57594 ...................... 13 shares
 Certificate No. C-32213 ...................... 100 shares
 __________
 Total ................................... 113 shares

"8. Decedent had at the time of his death a total of fifty-one shares of the Pennsylvania Company for Insurance of Lives and Granting Annuities, in certificates as follows:
 Certificate No. F- 6217 for .................. 48 shares
 Certificate No. F-11057 for .................. 2 shares
 Certificate No. F-17175 for .................. 1 shares
 _________
 Total .................................... 51 shares

"9. Decedent had at the time of his death a total of six shares of National City Bank of New York, in certificate as follows:
 Certificate No. C-33073 ...................... 6 shares

"10. Decedent had at the time of his death a total of one thousand one hundred and seventy shares of United States Loan Society, in certificates as follows: *Page 490 

 Certificate No. 2407 ....................... 200 shares
 Certificate No. 2820 ....................... 20 shares
 Certificate No. ....................... 308 shares
 Certificate No. ....................... 642 shares
 ___________
 Total .................................. 1,170 shares

"11. In addition to the shares of stock referred to in the language of the will and in addition to the assets in the form of stock set forth in paragraph 4 above, the testator died possessed of other securities, as follows:
 BONDS
 $500 First U.S. Converted Liberty Loan
 $1,000 Fourth U.S. 4 1/4% Liberty Loan Bond.
 $50 Fourth U.S. 4 1/4% Liberty Loan Bond.
 MORTGAGES
$6,000 Mortgage, Carlton H. Graves, dated January 3d 1931,
 premises, Burlington county at
$4,000 Mortgage, Harry L. Cohen, dated March 3d 1927, premises
 in Cape May county at

"12. The balance of the testator's estate is made up as shown by the inventory and appraisement, as follows:
Packard — sedan automobile, appraised at ....................... $800.00
Pierce-Arrow limousine appraised at ............................ 1,000.00
Cash in bank ................................................... 947.17
Household furniture ............................................ 1,246.75
 _________
 Total ....................................................... $3,993.92

"13. The testator died seized of real estate, as follows, all unencumbered:
Double dwelling situate 38-40 Newton Ave., Woodbury, N.J., as in deeds:
(1) Mahlon W. Newton et ux. to decedent, dated June 12, 1894, recorded in Gloucester County, Book 165, page 410.
(2) Samuel L. Franklin et ux. to decedent, dated August 13, 1896, recorded in Gloucester County, Book 173, page 465.
(3) Samuel L. Franklin to decedent, dated July 31, 1907, recorded Gloucester County, Book 212, page 296.
(4) George W. Curtis et ux. to decedent, dated July 25, 1910, recorded Gloucester County, Book 227, page 294.
(5) Mahlon W. Newton et ux. to decedent, dated July 25, 1910, recorded Gloucester County, Book 227, page 292. *Page 491 
Vacant lot situate N. 4th Street, Surf City, N.J., lot 27, block 101.
Saw mill property situate in Salem and Gloucester Counties, on the Swedesboro-Franklinville Road, as in deed, J. Maurice Wilkins et ux. et al., and Joseph Jessup et ux. et al., to decedent, dated March 26th, 1918, recorded in Salem County, Book 138, page 154; recorded in Gloucester County, Book 268, page 447.
"15. Present value of the real estate owned is $20,075.
"16. Present value of the personal property, referred to in paragraph 12 herein, is $2,000.
"17. Bank loans were made by the testator in his lifetime and certain of the stocks owned by him were pledged as follows:
 Amount Dated Due
Farmers and Mechanics Nat'l Bank,
 Woodbury ......................... $5,000.00 2/24/31 2/19/32

A payment by the executors from the general assets of the estate was made on account on Feb. 19, 1932, in the sum of $2,500.
Interest is due on $5,000 from June 24, 1931, to Feb. 19, 1932, and on the balance of $2,500 from Feb. 19, 1932, to date.
 Amount Dated Due
Farmers and Mechanics Nat'l Bank,
 Woodbury — interest is due
 from ............................ $5,000.00 12/23/30 4/23/31
Pledged as collateral security:
 152 shares of stock of First
 Nat'l Bank of Toms River.
The Penna. Co. .................... $15,000.00 9/16/29
The Penna. Co. .................... 4,000.00 4/10/31
Decedent being an endorser on a
 note of Saxton — Shale Brick and
 Tile Co.
The Penna. Co. — $2,500 was
 paid by the executors from
 the general assets of the
 estate on account of this
 loan on February 20, 1932,
 leaving a balance of $1,000.

Interest was paid on all loans with The Pennsylvania Co. to May 31, 1932, from the general assets of the estate and is due on a total reduced to $20,000 from May 31, 1932.
Pledged as collateral security 200 shares of First Nat'l Bank of Toms River. $4,500 1/16/31 5/16/31
$2,500 was paid by the executors from the general assets of the estate on account of this loan on Feb. 20, 1932, leaving a balance due of $2,000.
Interest was paid by the executors from the general assets of the *Page 492 
estate to 2/20/32 and is due on the reduced balance of $2,000 from that date.
Pledged as collateral security 950 shares of United States Loan Society.
"18. By way of summary regarding the stocks mentioned in the bequests in the testator's will:
 Stock Stock Mentioned
 Owned Pledged Unpledged in Will
First Nat'l Bank of
 Toms River ............. 931 shs. 352 shs. 579 shs. 40 shs.
 30 shs.
 30 shs.
 40 shs.
 40 shs.
 ________
 Total .................................................. 180 shs.
 And balance.
U.S. Loan Society ........ 1,170 shs. 950 shs. 220 shs. 1,170 shs.
The Pennsylvania Co., .... 51 shs. None 51 shs. 50 shs.
Chase Nat'l Bank ......... 113 shs. None 113 shs. 113 shs.
National City Bank ....... 6 shs. None 6 shs. 6 shs.

"19. Summary of the loans and payments made on account by executors from general assets of the estate:
 Payments by
 Original Loan Executors Balance
Farmers and Mechanics Nat'l
 Bank, Woodbury ................ $5,000.00 $2,500.00 $2,500.00
Farmers and Mechanics Nat'l
 Bank, Woodbury ................ 5,000.00 None 5,000.00
The Pennsylvania Co. ............ 15,000.00 None 15,000.00
The Pennsylvania Co. ............ 4,000.00 None 4,000.00
The Pennsylvania Co. ............ 3,500.00 2,500.00 1,000.00
First Nat'l Bank of Toms River, . 4,500.00 2,500.00 2,000.00
 __________ _________ __________
 Total ....................... $37,000.00 $7,500.00 $29,500.00

"20. On the 7th day of May, 1932, the household furniture was sold at public auction for the net sum of $1,962.60. On or about the 7th day of May, 1932, real estate of the decedent was sold at public auction for the net sum of $4,200.
"21. All the legatees named in the will of the testator are alive, of full age and sui juris, excepting Ellie Newton Cox and Benjamin Cox, who are minors." *Page 493 
The first matter for consideration is whether the bequests in the fifth, sixth, seventh, eighth and ninth clauses of the will are general or specific. They must be considered as general. Inre Low, 103 N.J. Eq. 435. The language used in the case at bar is strikingly like that used in the Low will, and, oddly, covers stock of the same banking company, First National Bank of Toms River, New Jersey.
I do not consider that the word "absolutely" as used in the ninth clause makes that clause specific and not general. 1Kocher's New Jersey Probate Law 548, sets forth the following:
"The order in which assets are to be applied to the payment of debts, in the absence of a contrary intention sufficiently expressed in the will, is, (1) the general, or residuary, personalty, not specifically bequeathed nor exonerated or exempted; (2) real estate appropriated to, and not merely charged with the payment of debts; (3) real estate descended whether acquired before or after the making of the will; (4) real estate devised charged with the payment of debts; (5) general pecuniary legacies pro rata; (6) specific and residuary devises and specific legacies pro rata; (7) real and personal property which the testator has power to appoint and which he has appointed by his will."
This has been accepted without exception as the law.
A decree will be advised in accordance with these views.