## Fosnocht Estate

*Harry W. Speidel* and *Thomas N. O'Neill,* for accountants.

*Norman E. Dettra,* for Commonwealth.

*Henry M. Koch,* guardian and trustee ad litem.

*Paul H. Edelman,* for legatee.

MUTH, P. J., November 5, 1969.—M. Grant Fosnocht died testate January 6, 1969. Letters Testamentary were granted to Bank of Pennsylvania and Florence M. Fosnocht on January 16, 1969. Executors filed an account on July 29, 1960. The account was filed for the sole purpose of securing an adjudication of the question as to whether a legacy provided for in the will of testator has been adeemed. There has been no final audit.

The will of testator provides as follows:

*"Charitable Trust—Berks International Corporation*

"I give to my wife, Florence M. Fosnocht, and Peoples Trust City Bank, in trust, all my shares of the capital stock of Berks International Corporation, a Delaware corporation, to hold, manage, invest and reinvest the same as follows:

"1. Trustees shall pay the net income therefrom to my wife, Florence M. Fosnocht, during her lifetime. I direct however that any capital gains, dividends or distributions shall be principal and not income.

"2. Upon the death of my wife, Florence M. Fosnocht, the surviving Trustee shall pay and distribute the then principal of the trust estate to such organization or organizations qualifying for charitable deductions under Section 2055 of the 1954 Internal Revenue Code (or any successor section of said Code) as my wife, Florence M. Fosnocht, shall specifically appoint by her Will, making reference to the power of appointment herein created. In default of such specific appointment, said Trustee shall pay the same to the Roman Catholic Church of St. John Baptist DeLaSalle, in Shillington, Berks County, Pennsylvania."

The will is dated December 7, 1966. At the time of the writing of the will, testator owned certain shares of stock of Berks International Corporation. At the time of his death, he did not own any shares of stock in this corporation, with the result, as the accountants

contend, that the legacy of said shares of stock has been adeemed. The stock of Berks International Corporation was exchanged for shares of stock in Hofmann Industries, Inc. The exchange of said shares was the result of a merger of the two corporations on or about October 5, 1967. As a result of the merger, testator received 174,725 shares of common stock of Hofmann Industries, Inc., for the shares of Berks International Corporation which he owned at that time. Testator died January 6, 1969, without having made any alterations or additions to his will. At the time of his death, he owned 182,979 shares of common stock of Hofmann Industries, Inc.; 8,254 shares of this stock were not received as a result of the said merger and are not involved in the question of ademption.

Henry M. Koch, Esq., was appointed guardian and trustee ad litem for minor parties and unascertained parties in interest. He has filed a written report, concluding that the legacy of the said shares of stock of Berks International Corporation has been adeemed. The Attorney General of Pennsylvania by his legal counsel, Norman E. Dettra, Jr., Esq., also agrees that the said legacy has been adeemed.

The accountants point out that testator was an officer and shareholder in both corporations aforementioned, and that he had consulted counsel during his lifetime about the legal effect of the merger of the said corporations and the exchange of stock between the two corporations.

Ademption results from an inflexible rule of law applied to the mere fact that the thing bequeathed does not exist and is not founded on any presumed intention of testator: Hoke v. Herman, 21 Pa. 301. Ademption only applies to specific legacies: Smith's Appeal, 103 Pa. 559. The bequest of "all my shares of the capital stock of Berks International Corporation" is a specific bequest: Crawford's Estate, 293 Pa. 570, and Horn Estate, 317 Pa. 49. In Hoke v. Herman, su-

pra, the Supreme Court of Pennsylvania in its opinion declared:

"We hold therefore that if a thing bequeathed in a will by such a description as to distinguish it from all other things be disposed of, so that it does not remain at the death of the testator, or if it be so changed that it cannot be called the same thing, the bequest is gone. If such legacy be of a debt, payment necessarily makes an end of it. The legatee is entitled to the very thing bequeathed if it be possible for the executor to give it to him; but if not, he cannot have money in place of it. This results from an inflexible rule of law applied to the mere fact that the thing bequeathed does not exist, and it is not founded on any presumed intention of the testator."

There is no question that when testator died he owned no shares of stock in Berks International Corporation, and the fact that the stock can be traced into Hofmann stock does not entitle the specific legatee to receive the Hofmann stock: Kepple Estate, 19 Dist. R. 627.

While the intent of testator is not controlling, it must be noted that testator apparently was content with the exchange of stock and with its legal consequences, since he had the opportunity to change his will for a period of approximately two years after the merger and prior to his death. However, as indicated, ademption arises as a result of a rule of law and is not based upon a determination of intent of testator.

The situation before us is different from that in Neal Estate, 32 D. & C. 2d 322, where the asset in question was disposed of by a guardian of an incompetent during the lifetime of the incompetent, and it was there concluded that an ademption did not result. The conclusion apparently is based upon the premise that the disposition of the estate was not an act of testator and, therefore, did not have the same legal consequences as a disposition thereof by him

during his own lifetime.

Florence M. Fosnocht, widow of testator, also agrees that the legacy aforementioned has been adeemed, as well as the Church of St. John Baptist DeLaSalle of Shillington, Pa., possible beneficiary of the trust provided by testator in that portion of his will hereinbefore set forth.

Under all the circumstances, therefore, we conclude that the said legacy of all of the shares of stock of testator in Berks International Corporation to Florence Fosnocht and Peoples Trust City Bank in trust has been adeemed.

Ordinarily, adjudication of matters of distribution such as presented by the contention herein are disposed of only after final audit and upon consideration of distribution of the assets of the estate. However, it is proper for accountants to file an account to secure limited adjudication of specific questions, and we shall, therefore, postpone any consideration of final distribution of the assets of this estate until such time as there has been a final audit of the account, and all the assets of the estate as set forth in the account of the executors are remanded to the executors for further administration and accounting according to law.